Judge Robertson,
delivered the opinion of the Court.
On the motion of Williams, (the plaintiff in error,) viewers were appointed to view a way for a new road, proposed by him to be opened and established.
On their report, the defendants, through whose lands the road would pass, were severally summoned, to show cause why the road should not be established. They appeared, and each objected to the road. A writ of ad quod damnum, issued, and the damages to each were assessed. They again made their objections to the opening of the road.
The court, on consideration, refused to establish it* and rendered judgement against Williams for costs, in favor of each of the proprietors,'separately. To reverse which¿ Williams has prosecuted a writ of error.
Williams could not prosecute an appeal or writ of error to the judgment, overruling his application for opening the road. Taylor vs. Brown, III. Bibb, 78.
But if the several judgments for costs be erroneous, he may have his writ of error to reverse it. The act of assembly allows a judgment for costs, against the unsuccessful applicant. It allows other evidence to be used, than the report of the reviewers, and of the inquisition. Witnesses may be summoned, and *353 consequently, where several proprietors-of land ate interested, each may summons separate witnesses. And hence it would seem to result, that each would be entitled, so far, to separate costs. Whether there are any other costs, in such a cáse, which may be several, we are not prepared to say, and it is not necessary to do it. The right of each to damages, would be several.
C. S. Bibb, for plaintiff; Denny, for defendants»
A judgment for costs, to each proprietor, was á judgment for only so much as each was entitled to. The inquisition is joint; most of the services performed by the clerk, are “ex officio.” And, therefore, the costs to which each proprietor would be entitled, must be very inconsiderable. Williams should not be charged with the same cost or service twice. If the clerk has taxed too much, he is responsible to Williams for his error. The taxation is filed with this record, although properly, it forms no part of it. It is illegal and exorbitant. But this is the fault of the clerk and not the error of the county court. Its judgment authorized him to tax no morte costs than each party was entitled to by law. The remedy of Williams is not by a writ of error to this court, but by motion iu the Circuit court against the clerk.
As the court has only rendered a judgment in favor of each proprietor, for the costs to which each may be entitled by law; the judgment is not erroneous. If they incurred no separate legal costs, none can be collected from Williams under the judgment; and the judgment allows the collection of no more than shall be legal.
As the record does not show that there was nothing for which a several judgment could be rendered, the judgment of the county court is affirmed.